RECEIVED ___ COPY

FEB 0 7 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

ERIC SCOTT JOHNSTON, PRO SE
232 S 12th Ave
Phoenix, AZ 85007
602-697-4949
Ericjohnston109@gmail.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ERIC SCOTT JOHNSTON, | Case No.: **CV24-00255-PHX-JJT--MTM** |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| MARICOPA COUNTY | **COUNT ONE: DEPRIVATION OF CIVIL RIGHTS BY DENIAL OF DUE PROCESS (42 U.S.C. 1983)** |
| CITY OF SCOTTSDALE, ARIZONA POLICE OFFICERS JOHNS/JANES DOES 1-10 | |
| CITY OF SCOTTSDALE | **COUNT TWO: DEPRIVATION OF CIVIL RIGHTS BY FRAUD UPON THE COURT (42 U.S.C. 1983)** |
| DEPUTY COUNTY ATTORNEYS IN AND FOR MARICOPA COUNTY, ARIZONA JOHNS/JANES DOES 1-10 | **COUNT THREE: DEPRIVATION OF CIVIL RIGHTS BY CONSPIRACY TO COMMIT FRAUD (42 U.S.C. 1983)** |
| NATALIE ELIZABETH KELL, AN INDIVIDUAL | **COUNT FOUR: DEPRIVATION OF CIVIL RIGHTS BY INDUCEMENT TO COMMIT FRAUD (42 U.S.C. 1983)** |
| HONORABLE STATIA HENDRIX (IN HER OFFICIAL CAPACITY, JUDGE SCOTTSDALE CITY COURT), | |
| Defendants | **COUNT FIVE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

## I.    **PRELIMINARY STATEMENT**

1.) Plaintiff brings this civil rights action for damages under the United States Constitution and 42 U.S.C. § 1983 to challenge the constitutionality of an arrest, incarceration and prosecution that has been obtained through fraudulent means. What seems on the surface to be a standard cut-and-dry matter becomes needlessly complicated and corrupt when basic due process is denied and material mischaracterizations of fact are found under the surface. It is ubiquitous and well-settled at both state and federal court levels that Fraud upon the Court vitiates everything it touches[1].

2.) None of the Defendants enjoy any immunity (qualified or otherwise) when issues of fraud are in play as fraud allegations axiomatically imply bad-faith conduct.

## II.    **JURISDICTION AND VENUE**

3.) The United States District Court in Arizona has jurisdiction pursuant to 28 USC §1343 and supplemental jurisdiction pursuant to 28 USC §1367. Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

4.) Venue in this Court is proper under 28 U.S.C. §1391(b) because the events giving rise to this action occurred in this district and the Defendants are located in this district.

---

[1] *UNITED STATES v. THROCKMORTON* 98 U.S. 61 25 L.Ed. 93

### III.   **THE PARTIES**

5.) Plaintiff, Eric Scott Johnston is a Citizen of the United States of America.

6.) Defendants John and Jane Does 1-10 are Police Officers with the City of Scottsdale, Arizona.

7.) Defendant City of Scottsdale is a municipality located within the boundary of the State of Arizona.

8.) Defendants John and Jane Does 1-10 are Deputy County Attorneys for the County of Maricopa, Arizona.

9.) Defendant Natalie Elizabeth Kell is a Citizen of the United States of America and a Citizen of the United Kingdom.

10.)     Defendant Honorable Statia Hendrix is a Judge for the City of Scottsdale, Arizona.

11.)     Defendant Maricopa County is a County created by the Arizona Constitution.

### IV.   **STATEMENT OF FACTS**

12.)     Defendant Natalie Elizabeth Kell sought and obtained an ex-parte petition for an Order of Protection in the Scottsdale City Court against Johnston on or around the first week of January of 2022.

13.)     Arizona Revised Statutes (ARS) Title 13 Section 3602 reads verbatim: "At any time during the period during which the order is in effect, a party who is under an order of protection or who is restrained from contacting the other party is entitled to one hearing on written request." (2024 Westlaw)

14.)     On or about January 14th, 2022 Johnston filed a written pleading with the

Scottsdale City Court requesting a hearing on Defendant Natalie Elizabeth Kell's Petition

for Order of Protection. (See Exhibit A)

15.)     On the Same Day, the Honorable Statia Hendrix Denied Johnston's pleading

requesting a hearing.  (See Exhibit B)

## V.     COUNT ONE DEPRIVATION OF CIVIL RIGHTS BY DENIAL OF DUE PROCESS ( 42 U.S.C.1983)

16.)     The Plaintiff alleges and incorporates by reference the aforementioned as if fully

stated herein:

17.)     Count One applies to the following Defendant: The City of Scottsdale and The

Honorable Statia Hendrix.

18.)     Count One is not factually complicated as Johnston requested a hearing and didn't

get it.

19.)     The United States Constitution's Fifth and Fourteenth Amendments prohibit the

deprivation of life, liberty, or property by the federal and state governments, respectively,

without due process of law.

20.)     The operative Due Process of law applicable to count one is codified in the

Arizona Revised Statutes (ARS) Title 13 Section 3602 which reads verbatim: "At any

time during the period during which the order is in effect, a party who is under an order

of protection or who is restrained from contacting the other party is entitled to one

hearing on written request." (2024 Westlaw)

21.)    The precedent set by the Supreme Court of the United States says that a denial of due process renders any judgments or rulings from those proceedings to be without force or effect. In other words, void. [2]

## VI.    COUNT TWO DEPRIVATION OF CIVIL RIGHTS BY FRAUD ON THE COURT ( 42 U.S.C.1983)

22.)    The Plaintiff alleges and incorporates by reference the aforementioned as if fully stated herein:

23.)    Count two applies to the following Defendant: The City of Scottsdale and The Hon. Statia Hendrix.

24.)    On its face, the denial of a hearing by the Hon. Statia Hendrix stated on the record in writing: "If the Defendant [Johnston] is requesting a hearing he should file a motion stating that fact."

25.)    On its face, Johnston's pleading filed with the Scottsdale City Court requested a hearing three-times. Once in the motion capture, again in the body of the motion, and finally in the prayer for relief.

26.)    The Honorable Statia Hendrix materially mischaracterized and misrepresented Johnston's January 14th Pleading to the Court.

27.)    Another word for mischaracterization and misrepresentation is fraud.

---

[2] *Earle v. McVeigh*, 91 US 503, 23 L Ed 398:: *Prather v Loyd*, 86 Idaho 45, 382 P2d 910:: *Hanson v Denckla*, 357 US 235, 2 L Ed 2d 1283, 78 S Ct 1228:: *Renaud v. Abbott*, 116 US 277, 29 L Ed 629, 6 S Ct 1194:: *Earle v McVeigh*, 91 US 503, 23 L Ed 398:: *Sabariego v Maverick*, 124 US 261, 31 L Ed 430, 8 S Ct 461:: *Kalb v. Feuerstein* (1940) 308 US 433, 60 S Ct 343, 84 L ed 370::*Ex parte Rowland* (1882) 104 U.S. 604, 26 L.Ed. 861::

28.)    Fraud upon the Court must meet the standard established by the Supreme Court in in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.* 322 U.S. at 245-246.

29.)    The harm caused by the material misrepresentations of Judge Hendrix did not just harm Johnston. That misrepresentation has harmed the integrity of the judicial process itself as there is now a pending criminal case in the Arizona Superior Court against Johnston secured by a grand jury indictment for violating an Order rendered by the Scottsdale City Court. That makes two other victims of this fraud upon the Court: The state grand-jury and now the Superior Court of Arizona.

30.)    The United States Supreme Court precedent established that fraud upon the Court vitiates everything it touches, including rendering its own Orders void ab initio.

## VII.  COUNT THREE DEPRIVATION OF CIVIL RIGHTS BY CONSPIRACY TO COMMIT FRAUD ( 42 U.S.C.1983)

31.)    The Plaintiff alleges and incorporates by reference the aforementioned as if fully stated herein.

32.)    Count three is directed at the following Defendant(s): The City of Scottsdale, Scottsdale Police Officers Johns/Janes Doe 1-10; Maricopa County, Maricopa County Attorney's Office Johns/Janes Doe 1-10.

33.)    Beginning on or about September 15th, 2022, there was an agreement between two or more persons in the Maricopa County Attorneys Office and the Scottsdale Police Department to Deprive Johnston of his civil liberties by perpetuating Fraud on the Court; securing a grand jury indictment while omitting the misrepresentations delineated in count two and the due process violations delineated in count one and,

34.)     The defendant(s) became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it and,

35.)     One or more of the members of the conspiracy performed at least one overt act on around or after September 15th, 2022 for the purpose of carrying out the conspiracy of perpetuating Fraud Upon the Court.

36.)     There existed and continues to exist a plan between two or more persons at the Maricopa County Attorney's Office and the Scottsdale Police Department to secure a conviction against Johnston based upon a Court Order that on its face was created without due process and materially mischaracterized Johnston's actions as an object of the conspiracy with all of agreeing as to that particular outcome which the conspirators agreed to commit themselves to.

## VIII. <u>COUNT FOUR DEPRIVATION OF CIVIL RIGHTS BY INDUCEMENT TO COMMIT FRAUD ( 42 U.S.C.1983)</u>

37.)     The Plaintiff alleges and incorporates by reference the aforementioned as if fully stated herein.

38.)     Count Four Applies to the following Defendant(s): Maricopa County, Maricopa County Attorney's Office, City of Scottsdale, City of Scottsdale Police Officers Johns/Janes Doe 1-10

39.)     The Defendant(s) Deputy County Attorney's Johns/Janes Doe 1-10 empaneled an Arizona Grand Jury and Presented misleading evidence to that grand jury indicating the Order Johnston is alleged to have violated was created with due process and without fraud when the opposite was true.

40.)     Defendant(s) City of Scottsdale Police Officers Johns/Janes Doe 1-10 presented

testimony at the grand jury proceeding indicating Johnston violated a Court Order that

was created with due process and without fraud when the opposite was true.

41.)     The defendant's made the misrepresentation(s) to the grand jury with the intent of

securing an indictment against Johnston

42.)     The grand jury reasonably relied on the misrepresentations of the defendant(s)

when indicting Johnston for violating the Scottsdale City Court Order.

43.)     The defendant(s)s misrepresentation(s) caused injury to Johnston and the integrity

of the grand jury process.

## IX.   <u>COUNT FIVE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

44.)     The Plaintiff alleges and incorporates by reference the aforementioned as if fully

stated herein.

45.)     Count Five applies to all Defendants.

46.)     The conduct of the Defendants et al has now caused Johnston to be deprived Due

Process of Law, His pleadings mischaracterized, having been arrested based upon the due

process violation and the mischaracterizations, being incarcerated and finally indicted

and prosecuted. It is extreme and outrageous this happened to Johnston in modern times.

47.)     The Defendant(s) jointly and severally intentionally and or recklessly engaged in

this extreme and outrageous conduct.

48.)     The Defendant(s) actions jointly and severally directly harmed Johnston.

49.)     Johnston experienced severe emotional distress as a result of the Defendant(s)

extreme and outrageous conduct.

WHEREFORE, Eric Scott Johnston prays this Court:

1.) For Count One: Award monetary damages to Johnston in the amount of $56,500

2.) For Count Two: Award monetary damages to Johnston in the amount of $210,000

3.) For Count Three: Award monetary damages to Johnston in the amount of $485,700

4.) For Count Four: Award monetary damages to Johnston for every day he has lived under that grand jury indictment in the amount of $2,750 per day. As of the date of this filing the amount is $2,750 x 511 days totaling $1,405,250

5.) For Count Five: Award monetary damages in an amount to be determined by the Court.

6.) For all counts: Award punitive damages to Johnston in an amount to be determined by the Court.

7.) Award any other relief this Court deems just and equitable under the premises.

RESPECTFYLLY SUBMITTED THIS____ DAY OF FEBRUARY, 2024

Eric Scott Johnston, Pro Se

**EXHIBIT A**

Eric Scott Johnston
602-796-0322
capagg@live.com

# CITY OF SCOTTSDALE, MARICOPA COUNTY

### IN THE MUNICIPAL COURT

NATALIE ELIZABETH KELL,                    CASE NO. M-0751-CV-2021-018890

      Plaintiff,

vs.                                        **MOTION FOR PROTECTIVE ORDER HEARING, AND REQUEST FOR FINDING OF PERJURY**

ERIC SCOTT JOHNSTON

      Defendant

### Introduction

COMES NOW, Eric Scott Johnston, pro se, and respectfully requests this Honorable

Court hold a hearing on Plaintiff's Order of Protection pursuant to Ariz. Protective Order

Procedure, Rule 38, and ARS. 13-3602(L), 12-1809(H), 12-1810(G).

Defendant was served with the OOP on January 12ᵗʰ, by the Scottsdale Police. (3 Squad

cars showed up??) Defendant was actually aware Plaintiff retaliated against him for filing

(and the Court Issuing) his Order of Protection against the Plaintiff.

This is clearly a retaliatory act, and unfortunately, due to the information that follows,

Plaintiff has committed contempt of Court, and likely perjury. The preponderance

standard will certainly be exceeded in this action.

In consideration of Plaintiffs's accusations, on her Petition for Order of Protection, prima

fascia evidence already exists, calling into question the veracity of her claims. But let's

start with the facts on record first.

MOTION FOR PROTECTIVE ORDER HEARING, AND REQUEST FOR FINDING OF PERJURY - 1

## Statement of Facts

1. ) On December 6th, 2021 Defendant sought and was granted an Order of Protection against the Plaintiff, Natalie Kell. (Cause no THE NEXT DAY Ms. Kell requested a hearing on said OOP despite their being no children in common, no common residence, or other property held in common.

2. Plaintiff's seeking an Order of Protection is prima fascia evidence of retaliation.

3. During the time the OOP was issued, Ms. Kell routinely drove up to Defendant's location to see him. This can be proven by location tracking from her smartphone.

4. During the issuance of Defendant's Order of Protection, prima fascia evidence exists Plaintiff committed CONTEMPT OF COURT by violating the Court's Order of no contact. (An email substantiation this claim will be provided to the Court)

5. Ms. Kell has committed no less than four (4) perjurous statements, that are material to this case. When Orders of Protection are sought, an oath to tell the truth must be made, and Ms. Kell seems to have ignored that oath. Those statements are:

   A. Paragraph 3, where it reads "The Defendant Forced me to go to the Courtroom..."

   B. Paragraph 4 where it reads "I think he is attempting to build a case against me to harm me and make it look like suicide"

   C. Paragraph 5 where it reads "I am afraid he will try to shoot me"

   D. Paragraph 6 where it reads "The Defendant stole my car."

   E. The rest of the allegations are too vague to be responded to intelligently.

MOTION FOR PROTECTIVE ORDER HEARING, AND REQUEST FOR FINDING OF PERJURY - 2

6. Ms. Kell MUST substantiate these claims or risk the entirety of her affidavit be impeached on the grounds of unreliability pursuant to the Ariz. R. Protective Order Proc. Rule 36(a) and (b)

7. Defendant asserts she cannot, and has committed an act of perjury in violation of ARS 13-2702, under the criminal statute.

8. ARS 13-2702 reads:

   A. A person commits perjury by making either:

      1. A false sworn statement in regard to a material issue, believing it to be false.

      2. A false unworn declaration, certificate, verification or statement in regard to a material issue that the person subscribes as true under penalty of perjury, believing it to be false.

   B. Perjury is a class 4 Felony.

9. Ms. Kell would be well advised to seek legal counsel at this juncture. This isn't Judge Judy's court, this isn't the "People's Court" this is a Court of law. These voracious, inflammatory statements will not carry the day. Facts and evidence do.

10. Ms. Kell does have an opportunity to correct the record, however in doing so, she substantiates Defendant's assertions of the impeachability of her petition, and under an estoppel theory, Ms. Kell's Petition would have to be tossed.

11. Ms. Kell essentially has two options. Face the Defendant in Court, or correct the record. Either way her Petition should not survive.

### Summation

The concurrent evidence submitted to the Court regarding Plaintiff's prima fascia

MOTION FOR PROTECTIVE ORDER HEARING, AND REQUEST FOR FINDING OF PERJURY - 3

contempt behavior, and the "next day" behavior seeking to eliminate my Order of Protection is at least now a preponderance against the Plaintiff. Ms. Kell must either correct the record, or prove the veracity of the following claims:

"Defendant forced me to go to the Courtroom" and " I think he is attempting to build a case against me to harm me and make it look like suicide" "I am afraid he will try to shoot me" and "The Defendant stole my car."

If these statements cannot be proven, Ms. Kell's affidavit in support of her Order of Protection must be impeached, this Court's order quashed, and the Plaintiff should be recommended to the City Attorney, for a violation of ARS 13-2702 et seq.

Hopefully Ms. Kell retains legal counsel.

WHEREFORE, DEFENDANT RESPECTFULLY REQUESTS THIS HONORABLE COURT:

1. Set a hearing on this Order of Protection

2. Make a finding the Plaintiff has committed act of Contempt of Court for the prior OOP against her.

3. Find the Plaintiff's statements made in her affidavit to be material.

4. Find the Plaintiff's statements untrue, and believed to be untrue and the time of making them.

5. Refer the Plaintiff's statements to the City Attorney's office for possible charges of violation of ARS 13-2702 et seq

6. Quash the current order of Protection based upon the evidence presented and the impeachability of any false statement made to the Court on the merits.

MOTION FOR PROTECTIVE ORDER HEARING, AND REQUEST FOR FINDING OF PERJURY - 4

RESPECTFULLY SUBMITTED This ___13th___ Day of __January____, 2022

_____

/s/ Eric Scott Johnston

**Exhibit B**

← Minute Order Johnston.pdf                                    🔍  ⚙  ⋮

Scottsdale City Court • 3700 N 75th Street Scottsdale, AZ 85251 • (480) 312-2442
Fax: (480) 312-2764 • court@scottsdaleaz.gov • www.ScottsdaleAZ.gov/Court
ORI: AZ0071111 • Maricopa County, Arizona

| KELL, NATALIE VS. JOHNSTON, ERIC SCOTT 7321 E GRAY RD, B150 SCOTTSDALE, AZ 85260 | Case #: M-0751-CV-2021018800 |
|---|---|

### MINUTE ENTRY

Pursuant to Defendant's Motion received January 14, 2022;

**IT IS ORDERED:**

If the Defendant is requesting a hearing, he should file a motion stating that fact. The court cannot dismiss the order based on his motion.

1/14/2022

_____
Date          Honorable Statie D. Hendrix